UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:21-cv-20039-RNS

JOE MORFORD,

        Plaintiff,

vs.

MAURIZIO CATTELAN,

        Defendant.

_____/

**DEFENDANT MAURIZIO CATTELAN'S REPLY IN SUPPORT OF
MOTION TO SET ASIDE ENTRY OF CLERK'S DEFAULT**

STROOCK & STROOCK & LAVAN LLP
Julie E. Nevins, Esq.
Florida Bar Number: 182206
Adam R. Hoock, Esq.
Florida Bar Number: 118264
200 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Tel:  (305) 358-9900
Fax:  (305) 789-9302
jnevins@stroock.com
ahoock@stroock.com
asantiesteban@stroock.com

Of Counsel:
Kane Kessler, P.C.
Adam Cohen, Esq.
(pro hac vice application to be filed)
Dana Susman, Esq.
(pro hac vice application to be filed)
600 Third Avenue
New York, NY 10016
(212) 541-6222
acohen@kanekessler.com
dsusman@kanekessler.com

Defendant Maurizio Cattelan files this reply memorandum (the "Reply") in support of his Motion to Set Aside Entry of Clerk's Default (the "Motion") [ECF 31] and in response to Plaintiff's Response to Motion to Set Aside Default (the "Response") [ECF 37].

As set forth in more detail below, Plaintiff fails to rebut Defendant's showing of good cause for entry of an order vacating the clerk's default.

## ARGUMENT

**I.      Defendant's Failure to Respond to the Complaint Was Neither Culpable nor Willful**

Plaintiff argues that Defendant's failure to respond to the Complaint was willful and in reckless disregard of judicial proceedings because he intentionally ignored his mail and deliveries to his New York apartment for twenty (20) months. (Response at 1-2). Defendant cites *Turner v. Smith, Dean & Associates*, No. 8:10-CV-1665-JDW, 2011 WL 589473, at *1 (M.D. Fla. Feb. 10, 2011), which is inapposite to the facts here. In *Turner*, a corporate defendant representing itself *pro se* ignored a court order requiring it to obtain counsel and to file its answer through counsel. After the defendant failed to do so, a default was entered. The court did not vacate the clerk's default because the defendant's disregard for the orders demonstrated willfulness. *Id.* at **1-2.

*Turner* bears no resemblance to the facts here. The record is undisputed that Defendant, an Italian citizen and resident of Milan, had no knowledge of the Complaint until he returned to the United States after a twenty (20) month absence due to the COVID-19 pandemic and related travel restrictions. (Cattelan Decl. ¶¶ 1-5) [ECF 31-1]. In fact, Plaintiff knew from his first effort to serve the Complaint that Defendant had not been to his New York apartment in over a year. *See* Sheriff's Affidavit of Attempted Service [ECF 13, at 1] ("The location is respondent's vacation house. As per doorman respondent has not been to the address over a year."). Knowing that Defendant had not been to his New York apartment for over a year, Plaintiff proceeded to serve him in New York instead of trying to serve him in Italy.

1

Further, Defendant has not flouted court orders as the defendant did in *Turner*. Defendant acted promptly to retain counsel and to move to vacate the default once he learned of the complaint. (Cattelan Decl. ¶¶ 4-5). Nothing about Defendant's conduct signifies an intentional decision to not respond to the complaint or to interfere with the judicial process. A foreign national should not suffer the consequences of the entry of default for failing to check his mail at a secondary residence during a pandemic that prevents him from even entering the country.

**II.     Setting Aside the Default Will Not Prejudice Plaintiff**

Plaintiff argues that he will be prejudiced if the clerk's default is vacated because the delay "facilitates the chance to conceal or destroy evidence and [to] retroactively coordinate or fabricate the appearance of independent creation should the Defendant be so inclined." (Response at 2). Plaintiff argues Defendant would be so inclined because of his views on "art appropriation" and "disdain for copyright law." (Response at 2). Plaintiff quotes incomplete excerpts from published articles about Defendant's work that misrepresent the statements due to their incompleteness. Plaintiff's use of Fed. R. Evid. 406 is misplaced, and the argument is nothing more than a baseless and irrelevant attack on Defendant's character. Defendant's views on artmaking (unfaithfully represented by Plaintiff's incomplete quotes) prove nothing about Defendant's respect for the judicial process and it is offensive for Plaintiff to suggest that Defendant would destroy evidence or interfere with witnesses.

At bottom, the seven (7) month delay caused by Defendant's COVID-19-related absence from the United States has caused no prejudice to Plaintiff. He has failed to identify any evidence or witnesses who are lost or at are at risk of being lost due to the delay.

**III.    Defendant Has Meritorious Defenses Warranting the Entry of an Order Vacating the Clerk's Default**

    **A.     <u>Defendant Has Meritorious Defenses to Plaintiff's Copyright Claim</u>.**

As Plaintiff correctly states, "in assessing a defendant's meritorious defense, the likelihood of success is not the measure. [Defendant's] allegations are meritorious if they contain even a hint of a suggestion which, if proven at trial, would constitute a complete defense." (Response at 5) (citing *Sobkowski*, 2004 WL 3569703 at 3). In his Motion, Defendant argues that Plaintiff's copyright claim fails because, among other reasons: (1) he is attempting to claim ownership of a natural element that exists in the world (a fruit) and a utilitarian, functional component (duct tape), which U.S Copyright law does not allow; (2) Plaintiff cannot establish Defendant's access to Plaintiff's work; and (3) there is no substantial similarity between protectible aspects of Plaintiff's work and Defendant's work. Nothing in Plaintiff's Response negates Defendant's arguments, which clearly contain much more than "a hint of a suggestion" of a complete defense.

### 1. Plaintiff Cannot Extend His Alleged Copyright to Cover Elements that Exist in Nature and/or Utilitarian Components.

It is well-established that "[t]he mere fact that a work is copyrighted does not mean that every element of the work is protected, because copyright protection extends only to the original elements of expression in a work." *Id.* Unable to refute the authority cited by Defendant for the proposition that elements that exist in nature or the public domain are not copyrightable (s*ee, e.g.*, *Stewart v. Abend,* 495 U.S. 207, 234 (1990); *Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003); *Herbert Rosenthal Jewelry Corp. v. Kalpakian,* 446 F.2d 738, 741 (9th Cir. 1971), Plaintiff readily admits in his opposition that neither a banana, including an exact replica of a banana, nor duct tape, including a fabricated replica of duct tape, are entitled to copyright protection. (Response at 17).

Nonetheless, Plaintiff inexplicably asserts that these "individual elements used to create the expression in either piece cannot be legally removed from the analysis." (*Id.*) Plaintiff's contention is directly belied by the law in this Circuit (*see infra* at pp.7-8) which requires, among

3

other things, that to establish substantial similarity, "[a] court must filter out and disregard the non-protectable elements." *Compulife Software Inc. v. Newman,* 959 F.3d 1288, 1303 (11th Cir. 2020). Furthermore, the Ninth Circuit in *Satava*, *supra*, 323 F.3d 805, having considered Plaintiff's very argument, found that the plaintiff's sculpture "merely combined several unprotectable ideas and standard elements" that were elements of the public domain, including tendril-like tentacles, rounded bells, and a clear outer layer of glass, "without the quantum of originality needed to merit copyright protection." *Id.* at 811, 813. Thus, the Court concluded that a purported copyright holder "may not prevent others from copying aspects of his sculptures resulting from either [the animal's] physiology or from [the animal's] depiction in the [particular artistic] medium." *Id.* at 810; *see also George S. Chen Corp. v. Cadona Int'l, Inc.*, No. 04-365, 2006 WL 8450995 at *5 (C.D. Cal. Feb. 14, 2006) ("[L]ike the jellyfish sculpture in *Satava*, [plaintiff's products are] a combination of unprotectable ideas without the quantum of originality necessary for the combination to constitute an original work of authorship.").

Despite Plaintiff's statements that "I do not assert a copyright claim to the idea of a banana duct taped to a wall. People are free to duct-tape all the bananas they want to a wall" (Response at 21), that is exactly what Plaintiff, by this lawsuit, improperly purports to do. It is beyond peradventure that the concept of the combination of two (2) unprotectible elements without more is not protected by the copyright laws.

Also without merit is Plaintiff's conclusory statement that the duct tape used by Defendant is non-functional.[1] Not only is Plaintiff's statement rank hearsay, which is not properly considered by the Court, but even a cursory review of Defendant's work patently reveals that the duct tape is,

---

[1] The fact that the duct tape in *Plaintiff's* work is not functional is irrelevant; the point is that the duct tape in *Defendant's* work is functional.

4

in fact, used to affix the banana to the wall.[2] Thus, Plaintiff cannot seek to extend his purported copyright to Defendant's use of duct tape. *See, e.g.*, *Norris Indus., Inc. v. Int'l Tel. & Tel. Corp.*, 696 F.2d 918, 923 (11th Cir. 1983) (holding that wire wheel covers were "useful articles containing no physically or conceptually separable works of art" and not entitled to copyright protection); *Progressive Lighting, Inc. v. Lowe's Home Ctrs., Inc.*, 549 F. App'x 913, 920-21 (11th Cir. 2013) (holding that light fixture were useful articles without separate artistic, nonfunctional elements); 11 *Nimmer on Copyright* § 906.8 (useful articles).

Therefore, even assuming that Plaintiff's copyright is valid, it cannot be extended to bar Plaintiff from using solely an actual banana and duct tape – elements that exist in nature and the world, and/or are used for functional purposes.

### 2.     **Plaintiff Cannot Establish Access.**

In his Response, Plaintiff argues that Defendant had access to Plaintiff's work because, "for example, Google Analytics alone, show inescapable and inordinate viewing of the post 'Banana & Orange' originating from given, relevant market(s), prior to the Defendant's first rendition appearing.  This same cluster of views then immediately stopped all before the appearance of the Defendant's initial plagiarism." (Response at 22). Plaintiff's argument, to the extent it is even comprehensible, fails to address Defendant's lack of access to his work.  In his complaint/statement of claim, Plaintiff's sole allegation concerning access is that Plaintiff posted an image of his work on his own Facebook page and that it appeared on YouTube.  Plaintiff's Response does nothing to negate that these allegations are insufficient as a matter of law to establish access necessary to support a copyright claim.  *See, e.g.*, *Design Basics, LLC v. Lexington*

---

[2]  Defendant does not contend that the duct tape is the only adhesive element in *Comedian*, only that it is one important adhesive element.

5

*Homes, Inc.*, 858 F.3d 1093, 1108 (7th Cir. 2017) (holding that the "existence of the plaintiff's copyrighted materials on the Internet" does not raise a genuine issue of material fact as to access); *Cain v. Hallmark Cards, Inc.*, Civ. No. 3:15-00351, 2016 WL 3189231, at *5 (M.D. La. June 6, 2016) ("[C]ourts have consistently refused to treat internet publication alone as sufficient to engender this requisite possibility."); *Stabile v. Paul Smith Ltd.*, 137 F.Supp.3d 1173, 1187 (C.D. Cal. 2015) ("[S]imply displaying an image on a website for an undeterminable period of time is insufficient to demonstrate that it was widely disseminated."); *Loomis v. Cornish*, No. CV 12-5525, 2013 WL 6044345, at *12 (C.D. Cal. Nov. 13, 2013) ("The availability of a copyrighted work on the Internet, in and of itself, is insufficient to show access through wide-spread dissemination."), *aff'd*, 836 F.3d 991 (9th Cir. 2016); *Hayes v. Minaj*, No. 2:12-cv-07972, 2012 WL 12887393, at *3 (C.D. Cal. Dec. 18, 2012) (same); *O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, 590 F.Supp.2d 500, 515 (S.D.N.Y. 2008) (same).

### 3. Plaintiff Cannot Establish Substantial Similarity Regarding Protectable Elements of His Work.

In his Response, Plaintiff offers the bare conclusion that Defendant's work is "strikingly similar" to Plaintiff's work because they both include a banana (or a depiction of a banana) and duct tape. In so concluding, Plaintiff ignores the test utilized in this Circuit to determine substantial similarity and otherwise offers no analysis whatsoever. As previously indicated, in the Eleventh Circuit, to establish substantial similarity, "[a] court must filter out and disregard the non-protectable elements." *Compulife Software Inc. v. Newman,* 959 F.3d 1288, 1303 (11th Cir. 2020) ("Filtration, again, refers to the process of separating the protectable elements of a copyrighted work from elements that, for one reason or another, aren't protected."). Notably, Plaintiff does not cite a single Eleventh Circuit case on the substantial similarity issue because he knows that the law in this Circuit does not support his position. Under Eleventh Circuit law, the defendant has the

6

burden of proving that elements of a work are unprotectable. *See Compulife Software Inc.,* 959 F.3d at 1306. After filtering out similarities as to the non-protectable elements, "the burden shifts back to the plaintiff to prove substantial similarity between any remaining (*i.e.*, unfiltered) protectable material and the allegedly infringing work." *Id.* If the defendant demonstrates that the works are similar only as to "unprotectable material, such that no substantial similarities remain after filtration, the defendant is entitled to summary judgment." *Id.* Simply put, "the court will determine whether [the plaintiff] seeks to protect only uncopyrightable elements," and if so, the works are not substantially similar as a matter of law, and summary judgment is appropriate. *Lil' Joe Wein Music v. Jackson a.k.a. 50 Cent,* 245 F. App'x 873, 877 (11th Cir. 2007).

Based on the controlling authority set forth above, which Plaintiff completely ignores, Plaintiff seeks to protect only uncopyrightable elements – a banana and duct tape. There is simply nothing more to Defendant's *Comedian*. Therefore, as a matter of law, the works are not substantially similar, and Plaintiff cannot succeed on his copyright claim. *See, e.g., Cortes v. Universal Music Latino,* 477 F.Supp.3d 1290, 1297 (S.D. Fla. 2020) ("For the substantial similarity analysis, courts must compare the competing works side-by-side…Having done so here, the Court finds that Defendants are entitled to summary judgment because the works are only similar as to unprotectable elements and share no commonality at the level of protectable expression").[3]

Plaintiff has failed to show that Defendant lacks a meritorious defense or that Defendant failed to demonstrate a "hint of suggestion" that there is a meritorious defense. *Grupo*

---

[3] Even by Plaintiff's erroneous standard, Defendant's work is not "substantially similar" to Plaintiff's. For example, none of the things that are even remotely unique in Plaintiffs' work - - namely the diptych nature of Plaintiff's work given the combination of an orange and banana, the green background, the angles of the banana and the duct tape - - are present in Defendant's work. Thus, there is no substantial similarity, let alone striking similarity.

7

*Especializado de Servicios Aeros S de RL de CV v. VP Sales & Consulting, Inc.*, No. 16-60937-CIV-Scola, 2016 WL 10953911, at *2 (S.D. Fla. June 30, 2016).

### B. The Court Lacks Personal Jurisdiction Over Defendant.

Plaintiff has failed to show that Defendant has no defense of a lack of personal jurisdiction.

#### 1   Jurisdiction Fails Under Florida's Long-Arm Statute.

Plaintiff argues the Court has personal jurisdiction over Defendant pursuant to Fla. Stat. § 48.193(1)(a)1, 2, and 6. (Response at 11-12). However, there is no basis for jurisdiction under these provisions of the long-arm statute.

First, "to establish that a defendant was carrying on a business or business venture in the state, either itself or through an agent [pursuant to Fla. Stat. § 48.193(1)(a)1], "[t]he activities of the [defendant] sought to be served ... must be considered collectively and show a general course of business activity in the State for pecuniary benefit." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996). Defendant did not solicit business in Florida. He did not personally attend or exhibit his work at Art Basel in Miami Beach in 2019. Rather, Defendant's gallery, Perrotin, exhibited *Comedian*. (Cattelan Decl. ¶ 8). Further, Defendant had no control over Perrotin's exhibit at the art fair. (*Id.*). Plaintiff claims a *New York* magazine article establishes Defendant's control over the sales in Florida. However, a copy of the article (attached as Exhibit A) is hearsay and does not prove anything other than that there was publicity regarding *Comedian*.

Second, in support of the tortious acts provision of the long-arm statute (Fla. Stat. § 48.193(1)(a)2), Plaintiff argues that Defendant's wrongful acts were the sales of *Comedian* at Art Basel in Miami Beach. (Response at 12, 16).[4] However, this ignores all of the elements of the

---

[4] Plaintiff cites *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-cv-755, 2012 WL 2952452 n. 52 (M.D. Fla. July 19, 2012), for the proposition that copyright infringement takes place at the

tortious acts provision. "[A] nonresident defendant commits a 'a tortious act within [Florida]' when he commits an act outside that state that causes injury within Florida. *Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339, 1353 (11th Cir. 2013). "In copyright infringement cases, the situs of injury is generally the state where the copyright owner resides." *Venus Fashion, Inc. v. Changchun Chengji Tech. Co.*, No. 16-61752-CIV-DIMITROULEAS, 2016 WL 10636377, at *2 (S.D. Fla. Nov. 2, 2016). Plaintiff does not reside in Florida. (Compl. ¶¶ 1.A., B.1.a). Therefore, there is no injury in Florida.

Third, for the same reason, Plaintiff has failed to show that Defendant "[c]aus[ed] injury to persons or property within this state arising out of an act or omission by the defendant outside the state," under Fla. Stat. § 48.193(1)(a)6.

### 2. Exercising Jurisdiction Over Defendant Would Violate Due Process.

Even if the Court were to conclude that Florida's long-arm statute applied here, the exercise of personal jurisdiction over Defendant would violate due process.

First, "[a] fundamental element of the specific calculus is that plaintiff's claim must arise out of or relate to at least of one the defendant's contacts with the forum." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). Plaintiff argues that his copyright infringement claim arises from Defendant's contacts with Florida because Defendant accepted payment from customers in Florida for the sale of his art. (Response at 12). However, Defendant's gallery exhibited *Comedian* at Art Basel and sold the work – not Defendant. (Cattelan Decl. ¶ 8).

---

location of sale or "passing off." (Response at 16). However, *Yellow Pages* does not stand for that proposition. Even if it did, Art Basel is an international art fair. The market is not Florida residents, but collectors and curators from all over the world. *See* Art Basel Press Release, Dec. 8, 2019, <https://artbasel.com/stories/show-report> (last visited Jan. 9, 2022) ("Leading private collectors from Europe, the Americas, Asia, Africa, and the Middle East attended this year, as well as representatives from around 200 museums and institutions."), attached as Exhibit B.

9

Second, the Response fails to show Defendant purposefully availed himself of Florida under the effects test or the minimum contacts test. As addressed above, the effects of any purported copyright infringement would be directed at Plaintiff—who resides outside of Florida. Thus, any injury would not have an effect within Florida. *See Roberts v. Gordy*, No. 13-24700, 2015 WL 11202324, at *6 (S.D. Fla. Apr. 2, 2015) (finding effects test satisfied where the copyright infringement was against Florida residents and citizens). As for the minimum contacts test, Defendant did not purposefully direct or conduct any activities in Florida related to Plaintiff's claims. (Cattelan Decl. ¶ 8). Defendant did not create *Comedian* in Florida. (*Id.* ¶ 7). Further, Perrotin (not Defendant) exhibited the work at Art Basel in Miami Beach in 2019. (*Id.* ¶ 8). The Response's conclusory claims are insufficient to overcome Defendant's averments. *Posner v. Essex. Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Circ. 1999).

Defendant's burden on a motion to vacate a clerk's default is to show a suggestion of a meritorious defense. He has done this.

## CONCLUSION

For these reasons, the Court should set aside entry of default against Defendant. Should the Court grant the Motion, Defendant requests a period of thirty (30) days to respond to the Complaint.

          Respectfully submitted,

          STROOCK & STROOCK & LAVAN LLP
          200 South Biscayne Boulevard
          Suite 3100
          Miami, Florida 33131
          Tel: (305) 358-9900
          Fax: (305) 789-9302

          By: /s/ Julie E. Nevins
               Julie E. Nevins, Esq.
               Florida Bar Number: 182206
               jnevins@stroock.com
               asantiesteban@stroock.com
               Adam R. Hoock, Esq.
               Florida Bar Number: 118264
               ahoock@stroock.com

          *Counsel for Defendant Maurizio Cattelan*

Of Counsel:
Kane Kessler, P.C.
600 Third Avenue
New York, NY 10016
(212) 541-6222
Adam Cohen, Esq. acohen@kanekessler.com
(*pro hac vice application to be filed*)
Dana Susman, Esq.
dsusman@kanekessler.com
(*pro hac vice application to be filed*)

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on January 11, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties and counsel of record.

                        By: /s/ Julie E. Nevins