UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:21-cv-20039-RNS

JOE MORFORD,

    Plaintiff,

vs.

MAURIZIO CATTELAN,

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS

Defendant Maurizio Cattelan ("Defendant"), through his undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Court to dismiss the Complaint of plaintiff Joe Morford ("Plaintiff"). In further support of this Motion, Defendant states as follows:

## INTRODUCTION

This purports to be an action for copyright infringement. In previous filings with this Court, Plaintiff asserted unequivocally that, "***I do not assert a copyright claim to the idea of a banana duct taped to a wall. People are free to duct-tape all the bananas they want to a wall***." (Doc 37, at 21) (emphasis added). Yet, the Complaint tries to do exactly that: to stop Defendant from duct-taping a real banana to a wall. In fact, Plaintiff's only complaint is that Defendant's art piece, *Comedian*, which consists entirely of a real banana duct-taped to a wall, infringes Plaintiff's copyright in a diptych work of art comprised of a synthetic sculptural banana and orange fixed to

green painted paper and surrounded by masking tape.[1] But, Plaintiff cannot own the idea of a real banana duct-taped to a wall. Based on well-settled principles of law, the Complaint must be dismissed because: (1) the copyright laws do not permit "ownership" of a natural element that exists in the world (a fruit) or a utilitarian, functional component (duct tape), neither of which contain any original expression; (2) there is no substantial similarity between the protectable aspects of Plaintiff's work and Defendant's work; and (3) Plaintiff has not – and cannot – adequately allege Defendant's access to Plaintiff's work.

## SUMMARY OF THE COMPLAINT

The facts relevant to this motion are set forth in the Complaint, filed on January 4, 2021, which alleges in total, that:

> The plaintiff is seeking damages in the form of gross profit generated by the defendant totaling over $390k. This is the amount of money made from three (3) direct sales of the piece and two (2) "artist proofs" via Art Basel in Miami Beach [Attachment 1]. The defendant's piece "Comedian" is plagiarized from the plaintiff's original art "Banana & Orange" [Registration Number: VA0002223672]. As well the plaintiff seeks court costs and travel expenses regarding the prosecution of this case. The plaintiff maintains proof of origin, access and substantial/striking similarity.

(Doc. 1, at 4).

A side by side comparison of Plaintiff's work versus Defendant's accused work is below:[2]

---

[1] The Complaint does not specify what medium the banana and orange in Plaintiff's work utilize, but it is clear it is a synthetic material, whereas Defendant's piece uses an actual banana.

[2] A district court can also consider documents referenced in the complaint, even if they are not physically attached, if the documents are central to the complaint and no party questions their authenticity. *Bryant v. Citigroup Inc.*, 512 F. App'x 994, 995 (11th Cir. 2013).

**Plaintiff's Work**     **Defendant's Accused Work**




Based on the razor thin allegations in the Complaint, and the well-established principles of law set forth below, the Complaint must be dismissed in its entirety and with prejudice.

## LEGAL STANDARD

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Thus, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions

masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (internal quotations omitted).

In considering a motion to dismiss, a court should first "eliminate any allegations in the complaint that are merely legal conclusions," and then "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). To meet the "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). However, "[t]he mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by*, *Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). "[C]ourts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (citations omitted).

Courts in this Circuit and others have not hesitated to dismiss copyright claims at the pleading stage where the accused work on its face is clearly not substantially similar to the asserted copyright, does not embody any protectible expression, or the plaintiff fails to adequately plead facts sufficient to support its claim of access. *See, e.g.*, Seven Oaks Millwork, Inc. v. Royal Foam US, LLC, 483 F.Supp. 3d 1192 (M.D. Fla. 2020) (discussed *infra* at p. 9) (granting motion to dismiss copyright infringement claim where an historical architectural feature was not entitled to

copyright protection and there was no substantial similarity of remaining elements as a matter of law); *Hayes v. Minaj*, No. 2:12-cv-07972, 2012 WL 12887393 (C.D. Cal. Dec. 18, 2012) (discussed *infra* at p. 15) (granting motion to dismiss copyright infringement claim where plaintiff failed to adequately allege access or substantial similarity of protectable elements).

## ARGUMENT

I. **PLAINTIFF'S CLAIM FOR COPYRIGHT INFRINGEMENT MUST BE DISMISSED**

The Copyright Clause of the United States Constitution provides that "Congress shall have Power ... to promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries ...." U.S. CONST. art. I, § 8, cl. 8. "The primary objective of copyright is not to reward the labor of authors, but '[t]o promote the Progress of Science and useful Arts.'" *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349 (1991).

To establish copyright infringement, a plaintiff must show at least two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Singleton v. Dean*, 611 F. App'x 671, 672 (11th Cir. 2015) (citing *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994)). Importantly, "[t]he mere fact that a work is copyrighted does not mean that every element of the work is protected, because copyright protection extends only to the original elements of expression in a work." *Id.* "To establish copying, the plaintiff must show that the defendant had access to the copyrighted work and that the two works are so 'substantially similar' that an average lay observer would recognize the alleged copy as having been appropriated from the original work." *Id.* (citing *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002)). Here, Plaintiff's copyright claim fails because,

5

among other reasons: (1) he is attempting to claim ownership of a natural element that exists in the world (a fruit) and a utilitarian, functional component (duct tape), which U.S. copyright law does not allow; (2) there is no substantial similarity between the protectable aspects of Plaintiff's work and Defendant's work; and (3) Plaintiff has failed to allege and cannot establish as a matter of law that Defendant had access to Plaintiff's work.

  **A.** **Plaintiff Cannot Extend His Alleged Copyright to Cover Elements that Exist in Nature and/or Utilitarian Components Because Such Elements Do Not Contain Original Expression.**

Plaintiff's copyright claim is based solely on the false notion that his copyright grants him ownership of any banana combined with duct tape. However, the copyright law does not operate to grant ownership to elements found in nature or to functional components. It has long been established that ideas that are standard, stock or common to a particular subject are not copyrightable by copyright law. *See, e.g.*, *Stewart v. Abend,* 495 U.S. 207, 234 (1990) (an author "may receive protection only for his original additions," not "elements ... already in the public domain"); *Satava v. Lowry*, 323 F.3d 805, 813 (9th Cir. 2003) ("Nature gives us ideas of animals in their natural surroundings," and "These ideas, first expressed by nature, are the common heritage of humankind, and no artist may use copyright law to prevent others from depicting them"); *Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738, 741 (9th Cir.1971) ("Any inference of copying based upon similar appearance lost much of its strength because both [works] were lifelike representations of a natural creature.").

### 1. *Plaintiff Cannot Extend His Copyright to a Real Banana*

Plaintiff does not and cannot own a copyright in an actual banana as is used in Defendant's work. Many courts have held that copyright protection does not extend to elements as they appear in the natural world, because such natural elements are part of the public domain. For instance, in an appeal of a preliminary injunction order the Ninth Circuit in *Satava* considered the scope of copyright protection that could be afforded to a realistic jellyfish sculpture in a glass jar. The court concluded that plaintiff's sculpture was not protectable to the extent that it "merely combined several unprotectable ideas and standard elements" that were elements of the public domain, including tendril-like tentacles, rounded bells, and a clear outer layer of glass, "without the quantum of originality needed to merit copyright protection." *Id.* at 811, 813 (reversing preliminary injunction). The Ninth Circuit held that a purported copyright holder "may not prevent others from copying aspects of his sculptures resulting from either [the animal's] physiology or from [the animal's] depiction in the [particular artistic] medium." *Id.* at 810.

Similarly, in *George S. Chen Corp. v. Cadona International, Inc.*, No. 04-365, 2006 WL 8450995 (C.D. Cal. Feb. 14, 2006), the defendant moved for summary judgment dismissing plaintiff's copyright infringement claim as a matter of law, arguing that a frog ornament and dolphin wind chimes did not satisfy the originality requirement set forth in 17 U.S.C. § 102(a) because they depicted animals found in nature and/or contained standard, stock characteristics. The court held that, "like the jellyfish sculpture in *Satava*, [plaintiff's products are] a combination of unprotectable ideas without the quantum of originality necessary for the combination to constitute an original work of authorship." Furthermore, the court's own observation of the exemplar compelled it to find that "[t]he frog truly is a simple green frog sitting as it would in

7

nature" and that "[n]o reasonable fact finder would be able to find anything distinctive about the acrylic frog" *Id.* at 5; s*ee also Folkens v. Wayland Worldwide*, 882 F. 3d 768 (9th Cir. 2018) (dismissing copyright infringement claim because depiction of a dolphin is not copyrightable, and absent that non-protectable element, the two works, both featuring dolphins crossing at different angles, were not substantially similar); *Kelley v. Chicago Park District*, 635 F.3d 290 (7th Cir. 2011) (holding that copyright in a flower garden was invalid because it failed the "fixation" requirement since flowers are living things existing in nature that morph over time).[3]

### 2. *Plaintiff Cannot Extend His Copyright to Duct Tape*

The copyright law does not protect functional components. *See, e.g.*, *Norris Indus., Inc. v. Int'l Tel. & Tel. Corp.*, 696 F.2d 918, 923 (11th Cir. 1983) (holding that wire wheel covers were "useful articles containing no physically or conceptually separable works of art" and were not entitled to copyright protection); *Progressive Lighting, Inc. v. Lowe's Home Ctrs., Inc.*, 549 F. App'x 913 (11th Cir. 2013) (affirming summary judgment in favor of infringer, because light fixtures were useful articles without separate artistic, nonfunctional elements); 11 *Nimmer on Copyright* § 906.8 ("Functional and Useful Elements"). Here, since the duct tape in both parties' works serves to affix the banana against the background surface, the duct tape serves a merely functional purpose and is therefore not "ownable" under copyright law.

Based on the foregoing well-settled authority, Plaintiff was correct when he stated that his copyright cannot extend to Defendant's real banana or duct tape, and the Complaint should be dismissed accordingly.

---

[3] Like the vegetation in *Kelley*, Defendant's *real banana* is a living thing that changes and ripens and ultimately rots and degrades. Accordingly, it cannot be covered by copyright.

### 3. *Plaintiff Cannot Extend His Copyright to the Combination of a Banana and Duct Tape*

To the extent that Plaintiff contends that the combination of a banana and duct tape is capable of protection under the Copyright laws (even if the individual components are not protectible), this contention also fails.

First, Plaintiff disclaimed this argument when he said that he was not trying to "assert a copyright claim to the idea of a banana duct taped to a wall" and is therefore judicially estopped from making it now. *See Slater v. United States Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017) (stating that the doctrine of judicial estoppel protects the integrity of the judicial process "by prohibiting parties from deliberately changing positions according to the exigencies of the moment" (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)).

Second, the law is well-established that the mere combination of a banana and duct tape -- two basic and unprotectable elements -- is not sufficiently original to warrant copyright protection. For instance, in *Seven Oaks Millwork, Inc. v. Royal Foam US, LLC*, *supra*, 483 F. Supp. 3d 1192, the court dismissed a copyright claim concerning photographs of various baluster designs. The court held that the "baluster image itself is not the type of original expression protected by copyright law." *Id.* at 1198. The court explained: "To find otherwise would require the court to find a picture of a bare, centuries-old baluster design is an expression separable from the idea of the baluster itself," which "is contrary to copyright law." *Id.* at 1198 (citing *Franklin Mint Corp. v. Nat'l Wildlife Art Exch., Inc.*, 575 F.2d 62, 65 (3d Cir. 1978); *see also Satava*, 323 F.3d at 811 ("Our case law suggests, and we hold today, that a combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of

9

authorship"); *George S. Chen Corp. v. Cadona Int'l, Inc.*, No. 04-365, 2006 WL 8450995 (C.D. Cal. Feb. 14, 2006).

### B. Plaintiff Cannot Plead Substantial Similarity Regarding Any Protectable Elements of His Work.

Plaintiff alleges that the parties' works are "strikingly similar." This is a bare conclusion based on the fact that both works include a banana (or in Plaintiff's case a depiction of a banana) and duct tape. However, Plaintiff cannot plead that there is substantial similarity, let alone, striking similarity, as to *protectable* elements of both works and, thus, his Complaint should be dismissed.

Copyright protection "may extend only to those components of a work that are original to the author." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Therefore, as noted above, although something may be entitled to copyright protection as a work, "not every element is protectible *per se*." *Lil' Joe Wein Music v. Jackson,* 245 F. App'x 873, 877 (11th Cir. 2007) (citing *Rogers v. Koons,* 960 F.2d 301, 307 (2d Cir.1992)). The question of substantial similarity can be decided as a matter of law where the "similarity concerns only noncopyrightable elements of a plaintiff's work…" *Lassin v. Island Def Jam Music*, No. 04-22320-CIV, 2005 WL 5632056, at *4 (S.D. Fla. Aug. 8, 2005) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir.1986)). "[W]here we compare [works] that contain both protectible and unprotectible elements, our inspection must be 'more discerning'; we must attempt to extract the unprotectible elements from our consideration and ask whether the *protectible elements, standing alone*, are substantially similar." *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1002 (2d Cir.1995) (emphasis in original, citations omitted).

To establish substantial similarity in this Circuit, a plaintiff must satisfy a two-pronged test: (1) an extrinsic, objective test, and (2) an intrinsic, subjective test. *Lil' Joe Wein Music, Inc.*, 245

F. App'x at 877 (citing *Herzog v. Castle Rock Entm't,* 193 F.3d 1241, 1257 (11th Cir. 1999)). If a plaintiff cannot satisfy the extrinsic test, the court need not reach the intrinsic test. *See Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1306 (11th Cir. 2020).

"Under the extrinsic test, a court will inquire into whether, as an objective matter, the works are substantially similar in protected expression." *Id.* For this test, "analytic dissection" is appropriate. *Herzog*, 193 F.3d at 1257. This means a "a court must filter out and disregard the non-protectable elements." *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994) (applying the same 'analytic dissection' test utilized in the Eleventh Circuit); *Compulife Software Inc.,* 959 F.3d at 1303 ("Filtration, again, refers to the process of separating the protectable elements of a copyrighted work from elements that, for one reason or another, aren't protected"). After filtering out similarities as to the non-protectable elements, plaintiff must show "substantial similarity between any remaining (*i.e.*, unfiltered) protectable material and the allegedly infringing work." *See Compulife Software Inc.*, 959 F.3d at 1306. If the works are similar only as to "unprotectable material, such that no substantial similarities remain after filtration, plaintiff's copyright infringement claim fails. *Id.* Simply put, for the extrinsic test, "the court will determine whether [the plaintiff] seeks to protect only uncopyrightable elements," and if so, the works are not substantially similar as a matter of law. *Lil' Joe Wein Music,* 245 F. App'x at 877. In applying the extrinsic test, the court will engage in "analytic dissection" by "breaking the works into their constituent elements." *Latele Television, C.A. v. Telemundo Commc'ns Grp., LLC*, No. 12-22539, 2014 WL 7150626, at *7 (S.D. Fla., Dec. 15, 2014).[4]

---

[4] "Under the 'intrinsic test', a court will determine whether, upon proper instruction, a reasonable jury would find that the works are substantially similar." *Lil' Joe Wein Music, Inc.,* 245 F. App'x

Here, the constituent elements of Plaintiff's work are a banana and orange oriented vertically (orange on top) in a diptych format, each of the banana and orange duct taped to separate pieces of rectangular painted green paper where the orange is surrounded by masking tape. The banana is oriented horizontally, and the duct tape runs vertically. The duct tape on the orange runs horizontally. Each piece of green paper is bordered by more masking tape. By sharp contrast, the sole elements in Defendant's work are a real banana and duct tape. The banana is oriented vertically, and the duct tape runs at approximately a 45-degree angle. Thus, there is no similarity in protectible elements. For the reasons articulated above, copyright protection does not extend to a banana because a banana is an element that already exists in nature, and copyright protection does not extend to duct tape because duct tape solely functions in Defendant's work to affix the banana to the wall. Filtering out these unprotectable elements, there is no similarity – not substantial similarity and not "striking similarity."

Moreover, because neither a banana nor duct tape are protectable under the copyright law, at best, Plaintiff has an exceedingly "thin" copyright. Where such a thin copyright exists, the appropriate standard for copyright infringement is "virtual identity." For example, in *Satava v. Lowry*, 323 F.3d at 810, discussed previously, the court noted that the plaintiff had "made some copyrightable contributions: the distinctive curls of particular tendrils; the arrangement of certain hues; the unique shape of jellyfishes' bells. However, because all other elements in his work were governed by "jellyfish physiology or the glass-in-glass medium," Satava's copyright on these elements (or their combination) was "thin, …comprising no more than his original contribution to

---

at 877. However, because Plaintiff fails the extrinsic test, the Court need not reach the intrinsic test, and the Complaint should be dismissed.

ideas already in the public domain." *Id.* Thus, the court held that plaintiff "may not prevent others from copying elements of expression that nature displays for all observers, or that the glass-in-glass medium suggests to all sculptors and that "Satava possesses a thin copyright that protects against only virtually identical copying." *Id.*; *see also Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003) ("When we apply the limiting doctrines, subtracting the unoriginal elements, Ets-Hokin is left with ... a 'thin' copyright, which protects against only virtually identical copying."); *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1439 (9th Cir. 1994) ("When the range of protectable expression is narrow, the appropriate standard for illicit copying is virtual identity").

Filtering out the non-protectable elements -- a banana and duct tape -- Plaintiff cannot establish "substantial" or "striking similarity," let alone "virtual identity" between the remaining elements of the parties' works. Indeed, none of the elements that are even remotely unique in Plaintiff's work -- namely the diptych nature of Plaintiff's work given the combination of an orange and banana, the presence of an orange, the green backgrounds, the angles of the banana and the duct tape, the masking tape -- are present in Defendant's work. In this regard, *Folkens v. Wayland Worldwide*, 882 F.3d 768 (9th Cir. 2018) is instructive. There, plaintiff sued defendant for copyright infringement concerning artistic works both featuring dolphins crossing underwater; in both works the dolphins crossed one going vertically and one going horizontally, but the dolphins in the two works were at slightly different angles. The court in *Folkens* dismissed plaintiff's infringement claim on summary judgment. Citing *Satava v. Lowry,* 323 F.3d at 810, the court held that plaintiff had a very thin copyright which covered only the "exact positioning, the stippled light, the black and white depiction, and other specific and unique elements of

13

expression," but not the natural element of crossing dolphins themselves (as they are animals existing in nature). *Id.* at 770. Filtering out the non-copyrightable elements (the crossing dolphins), the court found that because the dolphins crossed at even slightly different angles, there was no substantial similarity. *Id.*

Therefore, as a matter of law, the works here are not substantially similar let alone virtually identical, and Plaintiff cannot succeed on his copyright claim as a matter of law. *See, e.g.*, *Cortes v. Universal Music Latino*, 477 F. Supp. 3d 1290, 1297 (S.D. Fla. 2020) ("For the substantial similarity analysis, courts must compare the competing works side-by-side … Having done so here, the Court finds that Defendants are entitled to summary judgment because the works are only similar as to unprotectable elements and share no commonality at the level of protectable expression."); *see also Leigh v. Warner Bros., Inc.*, 212 F.3d, 1210, 1214-15 (holding that film sequences of a cemetery statue were not substantially similar to plaintiff's photograph of cemetery statue where the only similar element was the statue itself, which was an unprotectable element, and there was no substantial similarity between the protectable elements – the "lighting, shading, timing, angle and [type of] film" of the photograph and the film sequences").

### C. Plaintiff Cannot Adequately Plead Access

Access is a *sine qua non* of any copyright infringement claim. Plaintiff's sole allegation concerning access is that, "plaintiff maintains proof of origin, access and substantial/striking similarity." (Doc. 1, at 4). This is a conclusory statement devoid of any allegations of facts showing Defendant's access to Plaintiff's work, warranting dismissal of the Complaint. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004).

Plaintiff argued in support of its application for a default that Defendant had access to Plaintiff's work because an image of it was posted on his Facebook page and appeared on YouTube. (Doc. 25, at 10 & 11). To the extent that the Court is constrained to consider this argument, such allegations, even if true, are insufficient as a matter of law to establish access necessary to support a copyright claim. *See, e.g.*, *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1108 (7th Cir. 2017) (holding that the "existence of the plaintiff's copyrighted materials on the Internet" does not raise a genuine issue of material fact as to access); *Stabile v. Paul Smith Ltd.*, 137 F. Supp. 3d 1173, 1187 (C.D. Cal. 2015) ("[S]imply displaying an image on a website for an undeterminable period of time is insufficient to demonstrate that it was widely disseminated."); *Loomis v. Cornish*, No. CV 12-5525, 2013 WL 6044345, at *12 (C.D. Cal. Nov. 13, 2013) ("The availability of a copyrighted work on the Internet, in and of itself, is insufficient to show access through wide-spread dissemination."), *aff'd*, 836 F.3d 991 (9th Cir. 2016); *Hayes v. Minaj*, No. 2:12-cv-07972, 2012 WL 12887393, at *3 (C.D. Cal. Dec. 18, 2012) (on a motion to dismiss, court dismissed case finding the availability of a copyrighted work on the Internet, in and of itself, is insufficient to show access through wide-spread dissemination); *O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, 590 F. Supp. 2d 500, 515 (S.D.N.Y. 2008) (same); *Cain v. Hallmark Cards, Inc.*, No. 3:15-00351, 2016 WL 3189231, at *5 (M.D. La. June 6, 2016) ("[E]stablishing a bare possibility of access is not enough, and a plaintiff must prove that ... a defendant had a reasonable possibility of viewing the work. Applying this doctrine, courts have consistently refused to treat internet publication alone as sufficient to engender this requisite possibility.").[5]

---

[5] In the absence of sufficient access, plaintiff is required to plead the higher standard of "striking similarity" instead of "substantial similarity." *See Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 n.6 (11th Cir.2002) ("Where a plaintiff cannot demonstrate access he may, nonetheless,

# CONCLUSION

For these reasons, the Court should dismiss Plaintiff's Complaint in its entirety and with prejudice.

          Respectfully submitted,

          STROOCK & STROOCK & LAVAN LLP
          200 South Biscayne Boulevard-Suite 3100
          Miami, Florida 33131
          Tel: (305) 358-9900
          Fax: (305) 789-9302

          By: /s/ Julie E. Nevins
              Julie E. Nevins, Esq.
              Florida Bar Number: 182206
              jnevins@stroock.com
              asantiesteban@stroock.com
              Adam R. Hoock, Esq.
              Florida Bar Number: 118264
              ahoock@stroock.com

          KANE KESSLER, P.C.
          Adam Cohen, Esq. (*admitted pro hac vice*)
          Dana Susman, Esq. (*admitted pro hac vice*)
          600 Third Avenue
          New York, NY 10016
          acohen@kanekessler.com
          dsussman@kanekessler.com

          *Attorneys for Defendant Maurizio Cattelan*

---

establish copying by demonstrating that his original work and the putative infringing work are strikingly similar."). Moreover, as indicated above, where Plaintiff has only a very "thin" copyright, the standard to demonstrate similarity is "virtual identity." *See Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003). For the reasons set forth in Section I.B. above, Plaintiff cannot plead either substantial similarity, striking similarity, or virtual identity.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 6, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties and counsel of record.

By: */s/ Julie E. Nevins*