## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Case No. 1:21-cv-20039-RNS

JOE MORFORD,

      Plaintiff,

vs.

MAURIZIO CATTELAN,

      Defendant.

_____/

## DEFENDANT'S REPLY MEMORANDUM
## IN FURTHER SUPPORT OF MOTION TO DISMISS

Defendant Maurizio Cattelan ("Defendant"), through his undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), submits this Reply Memorandum in further support of his motion to dismiss the Complaint of plaintiff Joe Morford ("Plaintiff").

## INTRODUCTION

In his Opposition to Motion to Dismiss (Doc. 50), Plaintiff fails to raise any legal or factual argument which would warrant the denial of Defendant's motion to dismiss the Complaint. Plaintiff concedes that his copyright does not prevent Defendant from duct-taping a banana to a wall and that any copyright protection he may have does not extend to either a banana or duct tape, or the combination of a banana and duct tape. (Pl. Opp. at p. 2, 17: "I do not assert a copyright claim to the idea of a banana duct-taped to a wall. People are free to duct-tape all the bananas they want to a wall…"; "Copyright in my work is not extended to a preexisting realistic banana or the [utilitarian] functioning duct tape."). Rather, Plaintiff concedes that his copyright only protects his specific "selection, coordination and arrangement of the materials used – not the materials

themselves." (*Id.* at p. 8). But, as we demonstrate below, Defendant has not copied Plaintiff's selection, coordination and arrangement of the elements used.

Despite its length and improper inclusion of matters outside of the Complaint,[1] Plaintiff's opposition relies on three basic arguments, all of which are contrary to well-established law: (1) that Plaintiff's work is entitled to "broad" copyright protection; (2) that the non-protectable elements of a banana and duct tape cannot be separated or removed from the two works for purposes of determining whether the parties' works are substantially similar; and (3) that Defendant had access to Plaintiff's work by virtue of it being available on Plaintiff's Facebook page and YouTube channel.

Contrary to Plaintiff's unsupported arguments, the law is well-settled that Plaintiff's work, consisting only of a compilation of unprotectable elements, is entitled to only "thin" copyright protection. *See Interest Const., Inc. v. Canterbury Estate Homes, Inc.*, 554 F.3d 914, 919 (11th Cir. 2008); *Off Lease Only, Inc. v. Lakeland Motors, LLC*, 825 F. App'x 722, 726 (11th Cir. 2020) ("Known as compilations, such works have only 'thin' copyright protection, extending only to the specific selection, coordination, or arrangement of elements."). Given the limited scope of his copyright protection, Plaintiff has the burden of establishing that Defendant's work is not only "substantially similar" to Plaintiff's work, but virtually identical to support a claim of copyright

---

[1] The entirety of Plaintiff's Complaint alleges that: "The plaintiff is seeking damages in the form of gross profit generated by the defendant totaling over $390k. This is the amount of money made from three (3) direct sales of the piece and two (2) 'artist proofs' via Art Basel in Miami Beach [Attachment 1]. The defendant's piece 'Comedian' is plagiarized from the plaintiff's original art 'Banana & Orange' [Registration Number: VA0002223672]. As well the plaintiff seeks court costs and travel expenses regarding the prosecution of this case. The plaintiff maintains proof of origin, access and substantial/striking similarity." (Doc. 1, at 4). Plaintiff's opposition, totaling 68 pages, clearly includes matters far beyond these conclusory allegations. Even with the leeway afforded to *pro se* litigants, much of Plaintiff's opposition is not properly considered upon this motion.

infringement. *See Thomas Home Corp. v. Reve Dev. Corp.*, 2007 WL 9747250, at *9 (N.D. Fla. Apr. 26, 2007) (explaining that where a copyright is 'thin,' a copyrighted work "will only be protected from nearly verbatim copying or a showing of supersubstantial similarity" (citations omitted)). Furthermore, in the Eleventh Circuit, the Court is required to "filter out" the non-protectable elements of Plaintiff's work when comparing it to Defendant's work to determine whether the remaining elements are substantially similar (or in this case – virtually identical). *See Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1303, 1306 (11th Cir. 2020) (After filtering out similarities as to the non-protectable elements, plaintiff must show "substantial similarity between any remaining (*i.e.*, unfiltered) protectable material and the allegedly infringing work."). Further, Plaintiff's position that the filtration test adopted and applied by the Eleventh Circuit should simply be ignored must be rejected as meritless. Finally, based on unambiguous precedent of the courts in this Circuit and others, a plaintiff cannot adequately plead or establish required access by relying on internet availability. *See, e.g., Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1108 (7th Cir. 2017) (holding that "existence of the plaintiff's copyrighted materials on the Internet" does not raise a genuine issue of material fact as to access). In the absence of access, Plaintiff is left to plead "striking similarity" – again between the protectable elements of the two works. While Plaintiff's opposition alludes to the similarity of the two works, Plaintiff never identifies any similarities once the non-protectable elements (the banana and duct tape) are filtered out--because there are none.

      For these reasons as well as other unambiguous principles of law further detailed below, Plaintiff cannot plead or establish that Defendant infringed Plaintiff's copyright.

## I.    <u>PLAINTIFF'S COPYRIGHT PROTECTION, IF ANY, IS 'THIN'</u>

      Plaintiff readily concedes that a banana (a natural element) and duct tape (a functional

element) are not protectable by copyright law. (Plaintiff's Opp. at pp. 27, 29: "I do not claim that my copyright grants me ownership of 'any banana combined with duct tape'"; "I cannot receive copyright protection for either a banana or duct tape"). "The mere fact that a work is copyrighted does not mean that every element of the work is protected, because copyright protection extends only to the original elements of expression in a work." *Singleton v. Dean*, 611 F. App'x 671, 672 (11th Cir. 2015) (citing *Baby Buddies, Inc. v. Toys "R" Us, Inc.*, 611 F.3d 1308, 1316 (11th Cir. 2010)); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) ("[C]opyright protection may extend only to those components of a work that are original to the author."); *Stewart v. Abend,* 495 U.S. 207, 234 (1990) (holding that an author "may receive protection only for his original additions," not "elements ... already in the public domain"); *Satava v. Lowry*, 323 F.3d 805, 813 (9th Cir. 2003) ("These ideas, first expressed by nature, are the common heritage of humankind, and no artist may use copyright law to prevent others from depicting them."); *Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738, 741 (9th Cir. 1971) ("Any inference of copying based upon similar appearance lost much of its strength because both [works] were lifelike representations of a natural creature."); *Norris Indus., Inc. v. Int'l Tel. & Tel. Corp.*, 696 F.2d 918, 923 (11th Cir. 1983) (holding that functional items are not subject to the copyright law).[2] Thus, Plaintiff admits that he cannot prevent others from depicting a banana duct taped to a wall. (Plaintiff's Opp. at pp. 2, 17).

---

[2] Plaintiff's contention that duct tape is not a functional item is without merit. (Plaintiff's Opp. at p. 27). Whether the duct tape in Plaintiff's work functions as an adherent or not is irrelevant. The relevant inquiry is whether the duct tape functions as an adherent in Defendant's work. Despite Plaintiff's unsupported conclusion, it is plain to even a casual observer of Defendant's work that the duct tape acts as an adherent to affix the banana to the wall (even though there may be additional tacking behind the banana).

Plaintiff contends that his copyright protects his work as a whole, because it is formed by the combination of elements in an original way, that "[e]ven a work that is entirely a compilation of unprotectible elements may be copyrightable under certain circumstances," and that his "copyright protection extends only to the selection, coordination and arrangement of the materials used--not the materials themselves." (Plaintiff's Opp. at pp. 3, 8). "Known as compilations, such works have only 'thin' copyright protection, extending only to the specific selection, coordination, or arrangement of elements." *Off Lease Only, Inc.*, 825 F. App'x at 726; *Intervest Const., Inc.*, 554 F.3d at 919 ("Accordingly, any similarity comparison of the works at issue here must be accomplished at the level of protected expression—that is, the arrangement and coordination of those common elements....In undertaking such a comparison, it should be recalled that the copyright protection in a compilation is 'thin.'" (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349(1991))).[3]

Based on the above authority, Plaintiff's contention that his work enjoys "broad" copyright protection is not only unsupported but has been squarely rejected by the United States Supreme Court and the 11th Circuit.  As set forth below, the distinction between a "thin" copyright and a "broad" copyright is significant, because the level of similarity required to establish a claim for infringement of a "thin" copyright is much more stringent – necessitating *'super-substantial*

---

[3] Even whether Plaintiff's work is entitled to copyright protection as a compilation is questionable, since Plaintiff's work may not encompass even the minimum degree of originality to qualify for 'thin' copyright protection. *See, e.g.*, *George S. Chen Corp. v. Cadona Int'l, Inc.*, No. 04-365, 2006 WL 8450995, at *4 (C.D. Cal. Feb. 14, 2006) ("like the jellyfish sculpture in *Satava*, [plaintiff's products are] a combination of unprotectable ideas without the quantum of originality necessary for the combination to constitute an original work of authorship"); *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003) ("a combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship").

*similarity'* or '*virtual identity'* of the **non-protectable** elements of the compilation. *See, e.g.,*
*Thomas Home Corp. v. Reve Dev. Corp.*, 2007 WL 9747250, at *9 (N.D. Fla. Apr. 26, 2007)
(explaining that where a copyright is "thin," a copyrighted work "will only be protected from
nearly verbatim copying or a showing of supersubstantial similarity" (citations omitted)); *Satava*
*v. Lowry*, 323 F.3d 805, 812 (9th Cir. 2003) (holding that Satava's copyright on these elements (or
their combination) was "thin,…comprising no more than his original contribution to ideas already
in the public domain," and that "a thin copyright … protects against only virtually identical
copying").

## II.      PLAINTIFF CANNOT PLEAD THE REQUISITE LEVEL OF SIMILARITY

### A.      The Court, Not a Jury, is Required to Filter Out the Non-Protectable Elements of the Works to Conduct a Similarity Analysis

Plaintiff repeatedly states throughout his opposition that the non-protectable elements of
the two works should not be extracted and "filtered out" for purposes of conducting a similarity
analysis. (*See, e.g.*, Plaintiff's Opp. at p. 6, 7: "My expression is protected and the individual
elements cannot be removed from the expression…"; "Components used to create the protected
expression cannot be extracted from the protected expression."; "The banana and orange…cannot
now simply be disassembled from the expression they have created in order to remove them from
comparison.") Plaintiff's unsupported statements are the exact opposite of the test required in the
Eleventh Circuit to establish "substantial similarity" (or "super-substantial similarity") in a
copyright infringement analysis and should be summarily rejected.

As indicated above, copyright protection "may extend only to those components of a work
that are original to the author." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361
(1991). Thus, under the extrinsic test required to analyze whether two works are substantially

similar (or in this case, the stricter standard), "a court will inquire into whether, as an objective matter, the works are substantially similar in ***protected expression***." *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1257 (11th Cir. 1999) (emphasis added). For this test, "analytic dissection" is appropriate. *Id.* This means "a court ***must*** filter out and disregard the non-protectable elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (emphasis added); *Compulife Software Inc. v. Newman,* 959 F.3d 1288, 1303 (11th Cir. 2020) ("Before comparing two works to determine if they display the required substantial similarity, a court must eliminate from comparison the unprotectable elements of the copyrighted work. This process—known as 'filtration'—is necessary because even substantial similarity between a copyrighted work's unprotectable elements and a purportedly infringing work isn't actionable, regardless of how many unprotectable elements are copied or how important they may be." (citations omitted)). After filtering out similarities as to the non-protectable elements, plaintiff must show "substantial similarity between any remaining (*i.e.*, unfiltered) protectable material and the allegedly infringing work." *Id.* at 1306. If the works are similar only as to "unprotectable material, such that no substantial similarities remain after filtration," plaintiff's copyright infringement claim fails. *Id.* Simply put, for the extrinsic test, "the court will determine whether [the plaintiff] seeks to protect only uncopyrightable elements," and if so, the works are not substantially similar as a matter of law. *Lil' Joe Wein Music, Inc. v. Jackson,* 245 F. App'x 873, 877 (11th Cir. 2007)*.* In applying the extrinsic test, the court will engage in "analytic dissection" by "breaking the works into their constituent elements." *Latele Television, C.A. v. Telemundo Commc'ns Grp., LLC,* No. 12-22539, 2014 WL 7150626, at *7 (S.D. Fla. Dec. 15, 2014)*.*

Plaintiff's opposition inappropriately ignores and rejects the filtration test mandated in this Circuit to determine similarity. As set forth below, applying the required test, it is clear that without

the non-protectable elements of a banana or duct tape, there is no similarity -- or super-substantial similarity/virtual identity -- between the parties' works.

    **B.**    <u>**The Court, Not a Jury, Should Conduct the Similarity Analysis**</u>

As indicated in Defendant's Opening Brief (see, 2, 7, 10-11), the question of substantial similarity should be decided as a matter of law where the "similarity concerns only noncopyrightable elements of a plaintiff['s' work…" *Lassin v. Island Def Jam Music*, No. 04-22320-CIV, 2005 WL 5632056, at *4 (S.D. Fla. Aug. 8, 2005) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir.1986)). "[W]here we compare [works] that contain both protectible and unprotectible elements, our inspection must be 'more discerning'; we must attempt to extract the unprotectible elements from our consideration and ask whether the *protectible elements, standing alone,* are substantially similar." *Knitwaves, Inc. v. Lollytogs Ltd.,* 71 F.3d 996, 1002 (2d Cir.1995) (emphasis in original, citations omitted).

As the Eleventh Circuit has previously explained:

> [A] judge is better able to separate original expression from the non-original elements of a work where the copying of the latter is not protectable and the copying of the former is protectable. The judge understands the concept of the idea/expression dichotomy and how it should be applied in the context of the works before him. ... Because a judge will more readily understand that all copying is not infringement ... the "substantial-similarity" test is more often correctly administered by a judge rather than a jury—even one provided proper instruction. The reason for this is plain—the ability to separate protectable expression from non-protectable expression is, in reality, a question of law or, at the very least, a mixed question of law and fact. It is difficult for a juror, even properly instructed, to conclude, after looking at two works, that there is no infringement where, say, 90% of one is a copy of the other, but only 15% of the work is protectable expression that has not been copied.

*Home Design Services, Inc. v. Turner Heritage Homes, Inc.,* 825 F.3d 1314, 1322 (11th Cir. 2016) (quoting *Intervest Const., Inc.*, 554 F.3d at 920).

**C.      Plaintiff Cannot Plead Substantial Similarity or the Heightened
Similarity Standard Regarding any Protectable Elements of His Work**

Plaintiff argues that "there is more than substantial similarity between the protectable expression of my work and the Defendant's work," (Plaintiff's Opp. at p. 13), and that "there are no less than seven (7) similarities in a comparison of the works," (*id.* at p. 14). However, in his 68-page Opposition, other than the banana and duct tape, Plaintiff fails to identify any similarity between the protectable elements of the two works, let alone seven. Removing the non-protectable elements of the parties' works, Plaintiff cannot plead or establish that the parties' works are either substantially similar or the heightened standard of super-substantially similar or virtual identity.

As discussed in Defendant's moving papers, the constituent elements of Plaintiff's work are a banana and orange oriented vertically (orange on top) in a diptych format, each of the banana and orange duct taped to separate pieces of rectangular paper painted green where the orange is surrounded by masking tape. The banana is oriented horizontally, and the duct tape runs vertically. The duct tape on the orange runs horizontally. Each piece of green paper is bordered by more masking tape. Plaintiff defines his own work as "fruit, background, tape, residue." (Pl. Opp. at p. 9). By sharp contrast, the sole elements in Defendant's work are a real banana and duct tape. Unlike Plaintiff's work, the banana in Defendant's work is oriented vertically, and the duct tape runs at approximately a 37-degree angle.[4] There is no background, no orange, no "residue", or anything else. There is no similarity in the two works as to the orientation of the banana, the angle of the duct tape, or other elements that are in Plaintiff's work but not in Defendant's work – not

---

[4] Defendant stated in his moving brief that the angle was "approximately 45 degrees"; however, on closer consideration, the angle is 37 degrees. Nonetheless, the point remains, as even a cursory review of the works side-by-side reveals, that the angles between the parties' works is dissimilar.

9

substantial similarity, not super-substantial similarity and not virtual identity.[5]

Ignoring entirely these cogent points, Plaintiff disingenuously argues that "*[i]f the infringing piece is rotated 35° to the left,*" then the angles match and the constituent parts would overlay similarly. (Plaintiff's Opp. at p. 19) (emphasis added). Plaintiff simply cannot suggest that *if* Defendant's work were different than it is, then certain similarities might exist. Plaintiff must take Defendant's work as it is and establish that it is similar, not create an alternate reality where Defendant's work is modified to render it more similar to Plaintiff's work.[6]

Also without merit is Plaintiff's assertion that any dissimilarities between the parties' works are inconsequential and somehow reflect intentional copying. (Plaintiff's Opp. at p. 20, 24: "Simple rotation does not equal original expression; it is more likely intentional dissimilarity"; "As well, pointing to the things that are different in the work rather than the similarities is not the intention of the comparison"). However, in conducting a similarity analysis, courts must identify and focus upon "the dissimilarities in [the] coordination and arrangement" of "common components and elements." *Intervest Const., Inc.*, 554 F.3d at 916.

In *Intervest,* the plaintiff sued the defendant for copyright infringement of architectural plans, which was held to have a "thin" copyright as a compilation. The district court granted summary judgment for the defending, finding no substantial similarity once the protectable aspects were filtered out. *Id.* at 918. The Eleventh Circuit affirmed, holding that "while a creative work is entitled to the most protection, a compilation is entitled to the least, narrowest or 'thinnest'

---

[5] Even Plaintiff does not argue that there is similarity in the actual bananas themselves, nor could he; since the banana in Defendant's work is a real banana, by definition it changes each time a new banana is used.

[6] Plaintiff argues that the *Mona Lisa* even if rotated is still the *Mona Lisa*. (Pl Opp. at p. 20). Plaintiff's work is not the *Mona Lisa* and certainly Plaintiff's thin copyright is not entitled to the same scope of protection to which a highly creative work with a broad copyright is entitled.

protection." *Id.* at 921. The district court "carefully compared the protectable aspects" of the two floorplans at issue, "focusing only on the narrow arrangement and coordination of otherwise standard architectural features." *Id.* The Court held that the differences identified by the district court precluded a finding that the floor plans were substantially similar at the level of protected expression. *Id.*

Relying on *Intervest,* the Court in *Home Design v. Turner* held that if "the similarity between two works concerns only non-copyrightable elements," then "there can be no copyright infringement as a matter of law." 825 F.3d 1314, 1322, 1324 (11th Cir. 2016). Moreover, because of the "**thin**" **copyright** protection for Plaintiff's work, "modest dissimilarities are more significant than they may be in other types of art works." *Miller's Ale House, Inc. v. Boynton Caroline Ale House, LLC*, 702 F.3d 1312, 1325 (11th Cir. 2012) (quoting *Howard v. Sterchi*, 974 F.2d 1272, 1276 (11th Cir. 1992)). Based on this authority, and contrary to Plaintiff's unsupported statements, any differences between the two works "would weigh heavily against a finding of substantial similarity." *Id.* (citation omitted).[7]

---

[7] Plaintiff's reliance on *Rogers v. Koons*, 960 F.2d 301 (2d Cir. 1992), for the proposition that dissimilarities should not be considered is misplaced. The Second Circuit does not employ the same "filtration analysis" required by the Eleventh Circuit whereby non-protectable elements are filtered out and only the remaining elements are compared for similarity. If there is no similarity between the remaining elements, there can be no infringement in the Eleventh Circuit. Moreover, in *Koons*, the Second Circuit specifically held that it is "not therefore the idea of a couple with eight small puppies seated on a bench that is protected," but rather the particular expression, including the specific light, facial expressions, placement and poses of the subject which are protected. Unlike here, the defendant in *Koons* was found not only to have created a sculpture that copied the original expression in plaintiff's photograph of a couple with eight small puppies seated on a bench, but also copied the precise lighting, expressions, poses, orientation, etc. of the subjects. Such similarities between non-protectable elements do not exist here, rendering *Koons* distinguishable.

Here, filtering out the non-protectable elements, as we must, Plaintiff cannot establish "substantial similarity," "super-substantial similarity," "striking similarity," or "virtual identity" between the remaining elements of the parties' works. Indeed, none of the elements that are even remotely unique in Plaintiff's work -- namely the diptych nature of Plaintiff's work given the combination of an orange and banana, the presence of an orange, the green backgrounds, the angles of the banana and the angles of the duct tape, the masking tape  -- are present in Defendant's work. Under these circumstances, precedent dictates that Plaintiff's claim for copyright infringement be dismissed. *See, e.g.*, *Folkens v. Wayland Worldwide*, 882 F. 3d 768, 770 (9th Cir. 2018) (dismissing copyright infringement claim where plaintiff had a very thin copyright covering only the "exact positioning, the stippled light, the black and white depiction, and other specific and unique elements of expression," but not the natural element of crossing dolphins themselves; because the dolphins crossed at even slightly different angles, there was no substantial similarity); *Cortes v. Universal Music Latino*, 477 F. Supp. 3d 1290, 1297 (S.D. Fla. 2020) ("Defendants are entitled to summary judgment because the works are only similar as to unprotectable elements and share no commonality at the level of protectable expression"); *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1214–15 (no substantial similarity between the protectable elements – the "lighting, shading, timing, angle and [type of] film" of the photograph and the film sequences"); *Satava v. Lowry*, 323 F.3d at 812–13 (while plaintiff had "made some copyrightable contributions" because all other elements in his work were governed by jellyfish physiology, plaintiff possesses a "thin copyright" and in the absence of virtual identity, copyright claim must be dismissed); *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003) ("…subtracting the unoriginal elements, Ets-Hokin is left with ... a 'thin' copyright, which protects against only virtually identical copying").

12

Plaintiff spends some effort in cataloguing the various ways in which Defendant *could have* but did not depict his banana. (Plaintiff's Opp. at p. 29: "Why not a vertical banana taped by the stem? Why not a dome positioned banana taped across its latitude? Why not an inverted banana taped with folded tape? ..."). Plaintiff, thus, concedes that even modest differences in the arrangement of the elements (the angle of the banana and orientation of the tape) would render another banana/tape work non-infringing. Plaintiff therefore makes the very point that the way Defendant chose to depict his banana is not substantially similar -- let alone virtually identical -- to Plaintiff's work for the reasons articulated above.

## III.   PLAINTIFF CANNOT ADEQUATELY PLEAD ACCESS

Plaintiff only possesses a "thin" copyright, which mandates a finding of "virtual identity" to plead a copyright infringement claim whether or not access has been properly alleged. Therefore, whether or not Defendant had "access" to Plaintiff's work is somewhat irrelevant. Nonetheless, Plaintiff's arguments in support of access are insufficient as a matter of law. In his opposition, Plaintiff reiterates that his work has been available on the internet for at least ten years; that Plaintiff's work was viewable to markets in Italy and France; and that Plaintiff's work was available for viewing on his personal Facebook page, personal website, and personal YouTube channel. (Plaintiff's Opp. at pp. 62-64).

Although these allegations are nowhere in the complaint, even if they were, they would be insufficient to plead access. *See, e.g., Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1108 (7th Cir. 2017) (holding that the "existence of the plaintiff's copyrighted materials on the Internet" does not raise a genuine issue of material fact as to access); *Stabile v. Paul Smith Ltd.*, 137 F. Supp. 3d 1173, 1187 (C.D. Cal. 2015) ("[S]imply displaying an image on a website for an undeterminable period of time is insufficient to demonstrate that it was widely

disseminated"); *Loomis v. Cornish*, No. CV 12-5525, 2013 WL 6044345, at *12 (C.D. Cal. Nov. 13, 2013) ("The availability of a copyrighted work on the Internet, in and of itself, is insufficient to show access through widespread dissemination."), *aff'd*, 836 F.3d 991 (9th Cir. 2016); *Hayes v. Minaj*, No. 2:12-cv-07972, 2012 WL 12887393, at *3 (C.D. Cal. Dec. 18, 2012) (on a motion to dismiss, court dismissed case finding the availability of a copyrighted work on the Internet, in and of itself, is insufficient to show access through wide-spread dissemination); *O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, 590 F. Supp. 2d 500, 515 (S.D.N.Y. 2008) (same); *Cain v. Hallmark Cards, Inc.*, No. 3:15-00351, 2016 WL 3189231, at *5 (M.D. La. June 6, 2016) ("[E]stablishing a bare possibility of access is not enough, and a plaintiff must prove that ... a defendant had a reasonable possibility of viewing the work. Applying this doctrine, courts have consistently refused to treat internet publication alone as sufficient to engender this requisite possibility." (citations and internal quotation marks omitted)).

Plaintiff does not address, mention or refute the above authority which negates any bare allegation that Defendant had access to Plaintiff's work. In any event, for the reasons articulated in Points I and II above, Plaintiff has not and cannot plead substantial similarity, striking similarity or virtual identity under the filtration test applied in this Circuit.[8]

---

[8] The remainder of Plaintiff's opposition merely addresses arguments and theories not proffered by Defendant at this time (scenes a faire, merger); misconstrues the "different medium" argument – Defendant did not assert that changes the medium avoids infringement, but that because Defendant used a real banana, it must be filtered out as a natural element; or relies on authority which is either irrelevant or favors Defendant's position. *See, e.g.*, *Mattel, Inc. v. Mga Entertainment, Inc.*, 616 F.3d 904, 916 (9th Cir. 2010) ("Mattel can't claim a monopoly over fashion dolls with a bratty look or attitude, or dolls sporting trendy clothing – those are all unprotectable ideas."); *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1105 (7th Cir. 2017) ("If the copied parts [of a work] are not, on their own, protectible expression, then there can be no claim for infringement…" (citation omitted)); *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1304 (11th Cir. 2020) ("[M]aterial taken from the public domain is unprotected, even if incorporated into a copyrighted work."); *Stewart v. Abend*, 495 U.S. 207, 234 (1990) (an author

## CONCLUSION

For these reasons, as those set forth in Defendant's motion, the Court should dismiss Plaintiff's Complaint in its entirety and with prejudice.

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
200 South Biscayne Boulevard-Suite 3100
Miami, Florida 33131
Tel:  (305) 358-9900
Fax:  (305) 789-9302

By:  /s/ Julie E. Nevins
     Julie E. Nevins, Esq.
     Florida Bar Number: 182206
     jnevins@stroock.com
     asantiesteban@stroock.com
     Adam R. Hoock, Esq.
     Florida Bar Number: 118264
     ahoock@stroock.com

KANE KESSLER, P.C.
Adam Cohen, Esq. (*admitted pro hac vice*)
Dana Susman, Esq. (*admitted pro hac vice*)
600 Third Avenue
New York, NY 10016
acohen@kanekessler.com
dsusman@kanekessler.com

*Attorneys for Defendant Maurizio Cattelan*

---

"may receive protection only for his original additions," not "elements….already in the public domain"); *Cooling Systems Flexibles, Inc. v. Stuart Radiator, Inc.,* 777 F.2d 485, 492 (9th Cir. 1985) (compilations that consist largely of uncopyrightable elements receive only limited protection); *Baby Buddies, Inc. v. Toys R Us, Inc.*, 611 F.3d 1308, 1320 (11th Cir. 2010) ("[T]here are almost no similarities between the two pacifier holders beyond the general ideas of including a teddy bear (with the requisite ears, eyes, nose, mouth, arms, and legs), a ribbon bow, and a pastel-based color scheme on a baby's pacifier holder.").

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on June 10, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties and counsel of record.

By: /s/ Julie E. Nevins